IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MARGARITA GARCIA                                                                               PLAINTIFF

      v.                    Civil No. 08-5046

ATTORNEY GEORGE B. MORTON;
STATE OF ARKANSAS; JUDGE
XOLLIE DUNCAN; PROSECUTING
ATTORNEY BRANDON CARTER;
JUDGE KEITH; and BENTON COUNTY
SHERIFF'S OFFICE AND DEPUTY,
Bentonville, Arkansas                                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Margarita Garcia brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Her complaint was filed *in forma pauperis* (IFP) and it is now determined whether it should be served upon the defendants.

### I. Background

Garcia alleges her constitutional rights were violated during her prosecution on criminal charges. Specifically, she points to the following: (1) the date of her arrest was reported as 2-7-2006 rather than 2-8-2006; (2) the number of people in the house was three and the third person was Garcia's fifteen year old pregnant daughter who was later released to her aunt, Rosita Garcia; (3) forged paperwork resulted in $3,110 being forfeited; (4) there was forged paperwork with her signature; (5) paperwork was filed the date of her arrest indicating the date of seizure was the date prior to her arrest; (6) her boyfriend, Eduardo Rojas, was assaulted during the warrant execution by the "DTF" but they refused to allow him to seek medical attention even though

-1-

emergency medical services had been called; (7) they attempted to fire the "counselor" she paid for "and judge denied me;" (8) a fake lab report was used; (9) there was a difference between the lab reports and police reports; (10) the lab report was unofficial–it was not stamped so as to be official and filed; (11) serial numbers taken by DTF never reported; (12) personal checks taken were never itemized; (13) the search warrant was altered (scratched thru); (14) the criminal history investigation was done on the wrong person–a Margie Garcia not Margarita Garcia; and (15) Detective J. Kelly (Jimmy Kelly) badge # 1495 was forged on her paperwork.  Garcia indicates the forged paperwork caused her to accept a plea agreement.

As relief, Garcia asks for monetary damages, acknowledgment of the wrongs done to her through a written apology in a newspaper.  She also asks that she be released from incarceration and that all her attorney's fees be refunded.  Finally, she requests that she be granted a new trial or that the criminal charges be dismissed.

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of  [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Garcia's claims are subject to dismissal. First, to the extent Garcia claims she was "falsely" arrested and falsely incarcerated, those claims are subject to dismissal. Under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a § 1983 claim that would necessarily imply the invalidity of a conviction is premature.

In *Heck*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487, 114 S. Ct. at 2372-73(footnotes omitted). Thus, Garcia's false arrest and false imprisonment claims are simply not cognizable under § 1983.

Second, Garcia's claims that officers of the Benton County Sheriff's Department falsified documents in connection with the criminal charges brought against her are likewise barred by *Heck*. *See e.g., Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)(dismissing pursuant to *Heck* claims that a probation officer falsely testified at a probation revocation hearing); *Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996)(claims that defendants engaged in malicious prosecution and presented perjured testimony would necessarily imply the invalidity of plaintiff's conviction or sentence and are barred by *Heck*); *Parris v. United States*, 45 F.3d 383, 384-85

(10th Cir. 1995)(dismissing pursuant to *Heck* allegations that the government's evidence was fabricated and false, and that the government's witnesses were lying).

Third, to the extent Garcia attempts to assert a malicious prosecution claim, the claim is not cognizable under § 1983 because it does not allege a constitutional injury. *Kohl v. Casson*, 5 F.3d 1141, 1145 (8th Cir. 1993); *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). Furthermore, her guilty plea forecloses a § 1983 claim that her arrest was without probable cause. *Zamarripa v. Busalaki*, 230 F.3d 1365 (8th Cir. 2000); *Malady v. Crunk*, 902 F.2d 10, 11 (8th Cir. 1990).

Fourth, to the extent Garcia's complaint seeks relief in the form of release and reversal of her conviction, her complaint is subject to dismissal. Section 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

Fifth, private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Attorney George B. Morton was not acting under color of state law while representing Garcia in her criminal proceeding. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of

privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Sixth, Judge Xollie Duncan and Judge Keith are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now

precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Garcia does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Garcia seeks injunctive relief her claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Seventh, Garcia's claim against Prosecuting Attorney Brandon Carter is also subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Garcia's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Garcia can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

AO72A
(Rev. 8/82)

Finally, neither the State of Arkansas nor its agencies are subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

### III. Conclusion

I therefore recommend this case be dismissed on the grounds that the claims are not cognizable, are frivolous, and/or fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Garcia has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Garcia is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of May 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE